Stephanie R. Tatar (237792)
TATAR LAW FIRM
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
*Stephanie@thetatarlawfirm.com*

Attorneys for Plaintiff Albert Eugene Love

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALBERT EUGENE LOVE** <br><br> **Plaintiff,** <br><br> vs. <br><br> **EXPERIAN INFORMATION SOLUTIONS, INC., ET AL.** <br><br> **Defendants.** | Civil Action No. 8:15-cv-00860-CJC-DFM <br><br> **JOINT REPORT OF RULE 26(F) MEETING** |

Plaintiff Albert Eugene Love ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian") and Equifax Information Services LLC ("Equifax") and hereby submit the following Joint Report of Rule 26(f) Meeting:

## STATEMENT OF THE CASE

### A. PLAINTIFF

Plaintiff brings this action for damages against Defendants Experian and Equifax, national credit reporting agencies, alleging violations of the Fair Credit Reporting Act ("FCRA") for their failure to assure the maximum possible accuracy

1

1 of Plaintiff's consumer credit files. Specifically, Defendants marked Plaintiff as
2 "deceased" on his credit reports. As a result of Defendants' inaccurate reporting,
3 Plaintiff has lost credit opportunities, experienced damage to his credit reputation
4 and suffered emotional distress. Plaintiff seeks statutory, actual and punitive
5 damages, as well as his costs of the action together with reasonable attorney's fees
6 once she is successful in establishing liability.

7 **B.     EXPERIAN**

8     Experian is a "consumer credit reporting agency" as that term is defined by
9 the FCRA. At all times relevant to this case, Experian maintained and followed
10 reasonable procedures to assure maximum possible accuracy with respect to the
11 information contained in Plaintiff's credit file. Experian further conducted a
12 reasonable reinvestigation into any disputed information by Plaintiff. Accordingly,
13 Experian has no liability in this case and denies all liability to Plaintiff for any
14 alleged damages.

15 **C.     EQUIFAX**

16     Defendant Equifax Information Services LLC is a consumer reporting agency
17 as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*
18 ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA.
19 Equifax maintained reasonable procedures to assure maximum possible accuracy in
20 its credit reports concerning Plaintiff. Equifax denies that it caused any damage to
21 Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the
22 Complaint. Equifax further denies that Plaintiff can support a claim for punitive
23 damages in this action.

24 **MOTIONS**

25 **A.     PLAINTIFF**

26     Plaintiff does not anticipate that he will file a dispositive motion.

27

NAI-1500449839v1

**B. EXPERIAN**

Experian anticipates filing a dispositive motion in this case. Experian suggests that the dispositive motion deadline shall be February 22, 2016, one month after the close of discovery.

**C. EQUIFAX**

Equifax anticipates filing a motion for summary judgment.

## MANUAL FOR COMPLEX LITIGATION

The parties agree that the issues in this matter do not warrant classification of this case as complex.

## DISCOVERY

The parties conducted their Rule 26(f) Conference on July 22, 2015. The parties will serve their initial disclosures by August 5, 2015.

The parties anticipate propounding written discovery and taking depositions of the parties and party representative.

The parties propose a fact discovery cut off of January 22, 2016. The parties believe that this time frame for fact discovery is appropriate given the nature of the claims and issues in this case.

The parties do not anticipate using an affirmative expert witness at this time. Should the need for expert witnesses arise, the parties suggest that Plaintiff will make his initial expert disclosures on or before December 22, 2015, and that rebuttal expert reports by Defendants, if any, will be due on or before January 22, 2015.

The parties anticipate the filing of a Confidentiality Agreement or Stipulated Protective Order to redact confidential consumer information and other sensitive information, including any proprietary information, that may be included in documents produced in this litigation. The parties will submit a stipulated protective order for consideration and entry by the Court.

NAI-1500449839v1

## ADDITIONAL PARTIES

The parties do not anticipate that there will be additional parties added. Should additional parties be added, the parties suggest the deadline to do so will be September 22, 2015.

## SETTLEMENT

The parties are currently engaging in direct settlement negotiations and conferring on a mutually agreeable settlement procedure. Once the parties have reached an agreement, the parties will file the appropriate ADR forms with the Court.

## TRIAL ESTIMATE

The parties estimate that the jury trial in this case would last 3 days.

Respectfully Submitted,

| | |
|---|---|
| s/ *Stephanie R. Tatar* | /s/ *Alyssa Staudinger* |
| Stephanie R. Tatar (237792) | Angela M. Taylor |
| THE TATAR LAW FIRM | Alyssa M. Staudinger |
| 3500 West Olive Avenue, Suite 300 | JONES DAY |
| Burbank, CA 91505 | 3161 Michelson Drive Suite 800 |
| Telephone: (323) 744-1146 | Irvine, CA 92612-4408 |
| Facsimile: (888) 778-5695 | Telephone: 949-851-3939 |
| Stephanie@TheTatarLawFirm.com | Fax: 949-553-7539 |
| | angelataylor@jonesday.com |
| Attorneys for Plaintiff | astaudinger@jonesday.com |
| Albert Eugene Love | |
| | Attorneys for Defendant |
| | Experian Information Solutions, Inc. |

| | |
|---|---|
| 1 | s/ *Thomas P. Quinn, Jr.* <br> Thomas P. Quinn, Jr. |
| 2 | NOKES AND QUINN, APC |
| 3 | 410 Broadway Suite 200 <br> Laguna Beach, CA 92651 |
| 4 | Telephone: 949-376-3500 |
| 5 | Fax: 949-376-3070 <br> tquinn@nokesquinn.com |
| 6 | |
| 7 | Attorneys for Defendant <br> Equifax Information Services LLC |

NAI-1500449839v1